IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMBER MITCHELL, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | |
| SORENSON COMMUNICATION | § | |
| *Defendant.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COMES NOW, AMBER MITCHELL**, hereinafter called ("Plaintiff" or "Mitchell"), and files this Second Amended Complaint, complaining of and about SORENSON COMMUNICATION hereinafter called ("Defendant" or "Sorenson"), Plaintiff Amber Mitchell presents her Complaint for unlawful discrimination and retaliation and for the cause of action shows unto the Court the following Complaint and Jury Demand:

### I. PARTIES AND SERVICE:

   1. Plaintiff, Amber Mitchell, is a citizen of the United States, the State of Texas, and resides in Dallas County, Texas, by and through her attorney of record Mellannise Henderson Love, 100 Crescent Court, Suite 700, Dallas, Texas 75201.

2. Defendant, Sorenson Communications, is an entity located doing business in Dallas, Texas, has a principal office in Fort Worth, Texas, and can be served with process by and through their registered agent or attorneys of record.

## II. JURISDICTION:

3. This court has jurisdiction over Plaintiff's claims, the jurisdiction conferred on the court pursuant to, Title VII, 42 U.S. Code § 2000e, and Title VII, 43 USC, 2000 e, 42 U.S.C 1981, asserting claims of discrimination and retaliation, Amber Mitchell initiates this action herein, seeking economic and equitable relief for the unlawful discrimination she sustained by the Defendant.

4. Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, and the events giving rise to the claim herein occurred in this District.

## III

## FACTUAL ALLEGATIONS AND PERTINENT FACTS:

5. Amber Mitchell brings this action pursuant to Title VII, 42 U.S. Code § 2000e, Title VII, 43 USC, 2000 e, 42 U.S.C 1981, asserting claims of discrimination and retaliation in the workplace. Ms. . Mitchell first began working for Sorenson in February 2005 as an Operations Coordinator. At the time of her termination on February 4, 2021, she held of Director of Interpreting; it is the termination from this position for which she complains of herein.

6. In April of 2019, Ms. . Mitchell was asked by her direct manager Marci Purtell, to overturn a prior employment decision to hire an employee who was deemed ineligible for rehire status. Although directly

asked, Ms. Mitchell initially declined to overturn the employment decision and sought upper management guidance on the request to have her set aside Sorensen's stated policies. Ms. Mitchell's request for direction from upper management was not only frowned upon but was perceived as her going over her manager's head. Subsequently, Michell was instructed by her management team to extend employment to an employee who was deemed ineligible for rehire according to Sorenson's standards.

7. Sometime thereafter, Ms. Mitchell was asked to support an employee's termination after he requested and complained about an ADA workplace accommodation. Once the employee asked for accommodation, past sexual harassment conversations emerged regarding the employee and how the issue was resolved. Although the statements were made to Ms. Mitchell, she did not believe that the employee's statements warranted further action as she followed the Defendant's workplace protocol, which states, "if you are comfortable confronting the individual, then ask him/her to stop the behavior." If the behavior does not stop, then immediately report to upper management". Accordingly, the behavior stopped, and there was no need to make additional reports to upper management.  Notwithstanding, Mitchell's support of this employee's ADA accommodation was a reference point for Ms. Mitchell's termination.

8. In November 2019, Ms. Mitchell complained that her direct manager Marci Purtell ("Purtell"), was highly derogatory and aggressive toward subordinates and even more toward employees of color. Ms. Mitchell reported that Purtell's aggression and derogatory statements were also directed at her- although she is not of color, it is well-known by management and within the company that her husband and children are African American. Ms. Mitchell's status in the racial context through marriage and children and her support and protection of those of color places her in a protected class under the relevant statutes.

9. Ms. Mitchell expressed her concern about retaliation for speaking out against Purtell's mistreatment of her and other employees of color.

10. After Ms. Mitchell's complaint about Mr. Purtrell, it was decided that she was not adequately trained in her position of Director of Interpreting, although she had been in that position for quite some time.  There was now a new requirement to have weekly one-on-one meetings with Purtell. When Ms. Mitchell asked about getting the information regarding additional training in writing to help her understand what was being required of her, or if Purtell would provide supplemental written materials or even bullet points to assist with retention, Purtell stated, "I do not have enough time in my day to write everything you need to know."

11. Thereafter, Ms. Mitchell was on a trajectory for failure in her role as Director of Interpreting. She was a target in an ongoing hostile and retaliatory work environment.

12. From May 2020 until August 2020, the management team approved approximately 20 interpreters to work from home due to COVID.  Because Ms. Mitchell was working from home, she could get an indirect reprieve from Purtell's actions.  From July 13, 2020, until August 7, 2020, Ms.  Mitchell's office manager was out on leave, and she was required to assume all of his duties without additional pay while still maintaining her workload.

13. In August 2020, the same month Ms. Mitchell returned to the office,  she was placed on a Corrective Action Plan. She was told that the Corrective Action was because she did not create a new hire profile in the company software, a function usually performed by her Assistant Director, but he was out on leave.

14. On February 4, 2021, Ms. Mitchell was terminated from Sorenson. Ms. Mitchell maintains that her

termination was discriminatory and in retaliation for her complaining of and opposing discrimination within the workplace, specifically the opposition against her direct report Marci Purtell.

15. Plaintiff alleges that Defendant subjected her to harassment, unwarranted discipline, discrimination, and retaliation, and these actions and her opposition therewith, led to her unlawful termination.

16. Based upon the acts of discrimination above, Plaintiff files this lawsuit seeking to recover damages sustained by Defendant's unlawful behavior.

### HISTORY OF DISCRIMINATION AND RETALIATION

17. Plaintiff incorporates by reference paragraphs 1-16 as if fully set forth herein.

18. Ms. Mitchell is not the only person who complained of discrimination or retaliation at Sorenson.

19. Sorenson does not adequately keep records of prior discrimination or retaliation complaints.

20. In continuing rather than eliminating retaliation, Ms. Mitchell became the person being attacked rather than those she complained about.

21. Sorenson managers ignored the signs of discrimination and retaliation and did not respond to prevent discrimination and retaliation.

### IV. RETALIATION BY SORENSON :

22. Plaintiff incorporates by reference paragraphs 1-21 as if fully set forth herein. Plaintiff maintains that she was retaliated against after she complained about and opposed workplace discrimination. The complaints of discrimination were a protected activity under the statute of both Title VII and 42 USC 1981.

23. Plaintiff alleges that Defendant instituted a campaign of retaliation, which included Plaintiff's termination for opposing and complaining of unlawful and discriminatory employment practices, and that the Defendants discriminated against her for engaging in protected activity. Plaintiff experienced an adverse employment action when she was terminated, and a clear causal link existed between the protected activity and the adverse employment action.

24. Because of Defendant's actions, Plaintiff has suffered damages for which she sues.

## V. DAMAGES:

25. Plaintiff incorporates by reference paragraphs 1-24 as if fully set forth herein. Plaintiff sustained the following damages resulting from the actions and/or omissions of Defendant described hereinabove and requests that she be fully compensated for the following:

    a. All relief to which Plaintiff is entitled; all reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff;

    b. Compensate Plaintiff as the Court deems equitable and just;

    c. All reasonable and necessary costs incurred in pursuit of this suit;

    d. Emotional pain;

    e. Expert fees as the Court deems appropriate;

    f. Cost in an amount the Court deems equitable and just to make Plaintiff whole;

    h. Inconvenience;

i. Interest;

j. Loss of enjoyment of life;

k. Mental anguish in the past;

l. Mental anguish in the future;

m. Loss of earnings in the past;

n. Loss of earning capacity, which will, in all probability, be incurred in the future; and

o. Loss of fringe benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Amber Mitchell requests the Defendants to be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which she may be entitled at law or in equity.

Respectfully submitted,

**THE LAW OFFICE OF MELLANNISE HENDERSON-LOVE, P.L.L.C**

By:  */s/Mellannise Henderson-Love*
**Mellannise Henderson-Love, PLLC**
Texas Bar No. 00796741
100 Crescent Court, Suite 700
Dallas, Texas 75201
Tel. (214)638-8777
Fax. (214)602-7699
Email: Mlove@lovelawtx.com

Attorney for Plaintiff, ***Amber Mitchell***

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY