IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMBER MITCHELL,<br>§ Plaintiff,<br>§<br>v. §<br>§<br>SORENSON COMMUNICATION, §<br>§ Defendant. | §<br>§<br>§<br>Civil Action No. 3:23-CV-0185-L-BH<br>§<br>§<br>§<br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint*, filed June 27, 2023 (doc. 12). Based upon the relevant filings and applicable law, the motion should be **GRANTED**.

### I.  BACKGROUND

Amber Mitchell (Plaintiff) sues her former employer, Sorenson Communication (Defendant), for unlawful discrimination and retaliation in violation of 42 U.S.C. § 1981. (*See* doc. 1.)

Plaintiff began working for Defendant in February 2005; she was the Director of Interpreting at the time of the events leading to her termination on February 4, 2021. (doc. 6 at 2-4.)[2] In April 2019, her direct manager (Manager) asked her to "overturn a prior employment decision to hire an employee deemed ineligible for rehire status." (*Id.* at 2.) She initially declined and sought guidance from upper management, but her request "was not only frowned upon but was perceived as her going over her manager's head," and she was instructed to "extend employment to an employee who was deemed ineligible for rehire" under Defendant's policy. (*Id.* at 2-3.) Plaintiff was subsequently asked to support the termination of an employee who "requested and complained about an ADA

---

[1]By *Order of Reference* filed June 28, 2023 (doc. 14), this motion was referred for recommendation.

[2]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

workplace accommodation"; after the request, "past sexual harassment conversations emerged regarding the employee and how the issue was resolved." (*Id.* at 3.) Although the statements were made to her, Plaintiff "did not believe that the employee's statements warranted further action as she followed []workplace protocol." (*Id.*) Her support of the employee's ADA accommodation request was "a reference point" for her termination. (*Id.*)

Later, Plaintiff complained to an unidentified source that Manager "was highly derogatory and aggressive toward subordinates and even more toward employees of color," and that her "aggression and derogatory statements were also directed at her", noting that "although she is not of color, it [was] well-known by management and within the company that her husband and children are African American." (*Id.*) She also "expressed her concern about retaliation for speaking out against [Manager's] mistreatment of her and other employees of color." (*Id.*) After her complaint about Manager, "it was decided that she was not adequately trained for her position of Director of Interpreting" and she was required to have weekly one-on-one meetings with Manager. (*Id.* at 4.) When Plaintiff asked assistance on her training and job retention requirements, Manager responded: "I do not have enough time in my day to write everything you need to know." (*Id.*)

After that, Plaintiff was "a target in an ongoing hostile and retaliatory work environment." (*Id.*) Between May 2020 and August 2020, she worked from home due to COVID, and she "was able to garner an indirect reprieve from [Manager's] daily actions." (*Id.*) From July 13, 2020 until August 7, 2020, she was required to assume all duties of her office manager without additional compensation, while still maintaining her workload. (*Id.*) After returning to the office in August 2020, Plaintiff was placed on a Corrective Action Plan "because she did not create a new hire profile in the company software, a function usually performed by her Assistant Director" who was out on

2

leave. (*Id.*) She was terminated on February 4, 2021. (*Id.*)

Plaintiff alleges that "her termination was discriminatory and in retaliation for her complaining of and opposing discrimination within the workplace, specifically the opposition against" Manager. (*Id.* at 4-5.) Others "complained of discrimination or retaliation", but its managers "ignored the signs of discrimination and retaliation" and did nothing to prevent either. (*Id.* at 5.) She also contends that Defendant "subjected her to harassment, unwarranted discipline, discrimination, and retaliation, and these actions and her opposition therewith, led to her unlawful termination." (*Id.*) She asserts that although she is not a person of color, her "status in the racial context through marriage and children and her support and protection of those of color places her in a protected class under the relevant statutes." (*Id.* at 3.)

## II.  RULE 12(b)(6)

Defendant moves to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 12.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.' " *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

### III.  SECTION 1981

Defendant argues that Plaintiff has failed to plead sufficient facts for claims of discrimination and retaliation under § 1981. (doc. 13 at 5.)

**A.  <u>Discrimination</u>**

Section 1981, like Title VII of the Civil Rights Act of 1964 (Title VII), "serves as a deterrent to employment discrimination and a means of punishing employers who discriminate on the basis of race." *Carroll v. Gen. Accident Ins. Co. of Am.*, 891 F.2d 1174, 1176 (5th Cir. 1990). To establish

a right to relief under § 1981, a plaintiff must show: (1) that she belongs to a racial minority; (2) that the defendant intended to discriminate against her on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute. *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003). Section 1981 also "prohibit[s] discrimination against an employee on the basis of a personal relationship between the employee and a person of a different race." *Floyd v. Amite County Sch. Dist.*, 581 F.3d 244, 249 (5th Cir. 2009). A plaintiff may not recover for associational discrimination unless she can show that the actionable conduct was because of racial animus against her due to her association with persons of another race. *Id.* at 250; *see also Evans v. E. Texas Fam. Med., PA*, No. 6:22-CV-00374-JDK, 2023 WL 2942209, at *3 (E.D. Tex. Feb. 8, 2023), *adopted by* 2023 WL 2327452 (E.D. Tex. Mar. 2, 2023) ("Associational race discrimination claims are predicated on an employer's racial animus towards an employee because of her association with persons of a certain race.").[3]

Claims of racial discrimination brought under § 1981 are governed by the same substantive legal standards and evidentiary framework applicable to discrimination claims brought under Title VII. *See Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). Where the plaintiff offers circumstantial evidence of discrimination, her discrimination claim is subject to "the burden-shifting analysis introduced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which first requires the employee to establish a prima facie case of discrimination." *Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 997 (5th Cir. 2022) (citing *Wallace v. Methodist*

---

[3] The Fifth Circuit has recognized racial discrimination claims premised on intimate interracial relationships, but it has yet to consider whether non-intimate relationships are subject to constitutional or statutory protection. *See Alizadeh v. Safeway Stores, Inc.*, 802 F.2d 111, 114 (5th Cir. 1986) (recognizing that "§ 1981 provides a cause of action to a white spouse who alleges that he was discriminated against in employment because of his marriage to a nonwhite") (citation omitted).

*Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001)). Generally, a plaintiff must establish a prima facie case of discrimination by showing that she (1) belongs to a protected group; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) was replaced by or was treated less favorably than a similarly qualified individual outside the protected class. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (per curiam).

While a plaintiff's complaint need not plead a prima facie case of discrimination in the motion to dismiss context, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), the prima facie elements are not entirely irrelevant, and no plaintiff is exempt from her obligation to allege sufficient facts to state all the elements of her claim, *Puente v. Ridge*, 324 F. App'x 423, 427-28 (5th Cir. 2009). The ordinary rules for assessing the sufficiency of a complaint apply. *Swierkiewicz*, 534 U.S. at 511. It is not sufficient to merely assert a legal conclusion that the plaintiff was discriminated against because of a protected characteristic. *See Landavazo v. Toro Co.*, 301 F. App'x 333, 336 (5th Cir. 2008) (per curiam). "When a plaintiff sets out facts that do not seem to have anything to do with discrimination based on a protected characteristic, the claim is properly dismissed pursuant to Rule 12(b)(6)." *Phillips v. United Parcel Serv.*, No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *4 (N.D. Tex. June 21, 2011), *adopted by* 2011 WL 2678949 (N.D. Tex. July 8, 2011), *aff'd by* 485 F. App'x 676 (5th Cir. 2012) (citation and quotation omitted).

Here, Plaintiff's discrimination claim is based on allegations that Manager was "highly derogatory and aggressive . . . toward employees of color", the "aggression and derogatory statements were also directed at her", Manager refused her request for guidance on additional training for job retention, "[s]he was a target in an ongoing hostile and retaliatory work environment", and she was placed on a Corrective Action Plan for failing to complete a task usually

6

performed by another employee. (doc. 6 at 3-4.) While Plaintiff states that she is not a person of color and "it is well-known by management and within the company that her husband and children are African American," she does not connect any interracial relationship or association to the alleged adverse actions. (*Id.* at 3.) She fails to plead facts in support of her general claim of knowledge by management (not Manager), or that suffice to create an inference that she was terminated because of her relationship with her African-American husband and children or her association "with other employees of color." *See Floyd*, 581 F.3d at 250-51 (affirming summary judgment where a black coach was unable to prove that he was terminated as a result of racial animus stemming from his relationship with white students). Her assertion that Manager mistreated "her and other employees of color," is conclusory and unsupported by any factual allegations. Even though she maintains that Defendant's discrimination "led to her unlawful termination" (doc. 6 at 4-5), "naked allegation[s] of discriminatory intent are too conclusory to survive a motion to dismiss." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017); *see, e.g., Spann v. JPMorgan Chase Bank, N.A.*, No. CV 21-1643, 2022 WL 2177438, at *7 (E.D. La. June 16, 2022) (finding plaintiff's "subjective belief of discriminatory intent, lacking any non-conclusory factual allegations to support it, is insufficient to state a section 1981 claim"); *see also Whitlock v. Lazer Spot, Inc.*, 657 F. App'x 284, 287 (5th Cir. 2016) (affirming dismissal of plaintiff's race discrimination claim where his "conclusory allegations d[id] not contain sufficient content to allow us to draw the inference that [defendant] is liable for terminating [plaintiff's] employment because of his race"). Additionally, there are no allegations that Defendant treated her less favorably than a similarly situated employee of another race under nearly identical circumstances. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 471 (5th Cir. 2016) (affirming dismissal of Title VII claim where plaintiff had failed to

7

sufficiently plead existence of comparator employee); *see also Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 653-54 (5th Cir. 2007) (holding that plaintiff failed to establish a prima facie case for race discrimination because she made no showing that "similarly situated individuals outside of her protected class were treated more favorably"). Because Plaintiff has failed to state a plausible claim of discrimination under § 1981, the claim should be dismissed.

**B.**     **Retaliation**

Section 1981 encompasses claims of retaliation. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008). Claims of retaliation under § 1981 are governed by the same substantive legal standards and evidentiary framework applicable to retaliation claims brought under Title VII. *See Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 (5th Cir. 2003). To establish a prima facie case of retaliation under § 1981, an employee must show that "(i) [s]he engaged in a protected activity; (ii) an adverse employment action occurred; and (iii) a causal link exists between the protected activity and the adverse employment action." *Wantou v. Wal-Mart Stores Texas, L.L.C.*, 23 F.4th 422, 436-37 (5th Cir. 2022) (citing *Washburn v. Harvey*, 504 F.3d 505, 510 (5th Cir. 2007)).[4] An employee engages in a protected activity under § 1981 when the employee has opposed any practice made unlawful by Title VII involving race-related discrimination. *Scott v. U.S. Bank Nat'l Assoc.*, 16 F.4th 1204, 1209 (5th Cir. 2021). "Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010).

---

[4]As with a discrimination claim under § 1981, while a plaintiff is not required to make out a prima facie case of retaliation at the pleading stage, she must "plead sufficient facts on all of the ultimate elements" of a retaliation claim to make her case plausible. *See Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019) ("At [the pleading stage] of the proceedings, a plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss.").

To adequately allege causation, a plaintiff must plead facts permitting a reasonable inference that the adverse employment action occurred because of her protected activity. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). Although the prima facie element of causation appears identical to the ultimate question of whether the defendant unlawfully retaliated against the plaintiff, the standard for establishing a causal link at the prima facie case stage is much less stringent. *Saketkoo*, 31 F.4th at 1001 (citing *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996)). "At the prima facie case stage, a plaintiff can meet the burden of causation simply by showing close enough timing between the protected activity and the adverse employment action." *See Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020) ( cleaned up); *see Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001) ("The cases that accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of causality to establish a prima facie case uniformly hold that the temporal proximity must be 'very close'.") (citations omitted). The Fifth Circuit has found gaps of two months sufficiently close to satisfy the prima facie case of causation. *See Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 948-49 & n.39 (5th Cir. 2015) (citing cases). "However, even at the prima facie stage, temporal proximity can only establish a causal link when it is connected to the decision maker's knowledge of the protected activity." *Thompson v. Somervell Cnty., Tex.*, 431 F. App'x 338, 342 (5th Cir. 2011); *see also Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 n.6 (5th Cir. 2003) ("Although the plaintiff's burden at the prima facie stage is not onerous, the plaintiff must produce at least some evidence that the decisionmakers had knowledge of his protected activity."). This means that at the pleading stage, a plaintiff is "required to allege facts permitting at least an inference of her employer's knowledge of her protected conduct in order to

9

establish the required causal link between her conduct and the alleged retaliation." *Wright*, 990 F.3d at 434 (citations omitted).

Here, Plaintiff alleges that Defendant "instituted a campaign of retaliation, which included [her] termination for opposing and complaining of unlawful and discriminatory employment practices," and that her complaints of workplace discrimination were a protected activity under § 1981. (doc. 6 at 5-6.) Her conclusory allegations are not sufficient to create a plausible inference that she engaged in a protected activity that caused her to suffer an adverse employment action, however. *See Wantou*, 23 F.4th at 436-37. First, there are no allegations to suggest that she had engaged in an activity protected under § 1981. *See Scott*, 16 F.4th at 1209; *Brown*, 406 F. App'x at 840; *see, e.g., Gonzalez v. Cooper*, No. 13-CV-3005, 2015 WL 2185166, at *2 (W.D. La. May 8, 2015) (dismissing § 1981 retaliation claim where plaintiffs failed to allege that they complained of any form of race-based discrimination). Plaintiff alleges that she had complained that Manager "was highly derogatory and aggressive . . . toward employees of color" and directed her "aggression and derogatory statements" at her, (doc. 6 at 3), but there no allegations giving rise to a plausible claim that she was opposing an activity she reasonably believed was unlawful. *See Scott*, 16 F.4th at 1211. Notably, she fails to plead any facts identifying a specific complaint she made about the alleged discrimination, when she made the complaint, to whom she complained, or the substance of her complaint. *See Scott*, 16 F.4th at 1211 (explaining that the inquiry into whether an employee's belief that the employer engaged in an unlawful act was reasonable "is informed by the nature of the statement forming the base of the alleged discrimination, whether the statement was directed at a particular person or group of persons, whether it came from a person with supervisory authority, and the setting where the employee's complaint was voiced"); *see, e.g., Childers v. Lifestyles Unlimited,*

10

*Inc.*, No. 3:22-CV-2615-X, 2023 WL 3961702, at *3 (N.D. Tex. June 12, 2023) (finding plaintiff had failed to state a plausible § 1981 retaliation claim because she did not allege any facts about her discrimination complaint like "who she complained to about the alleged race discrimination, what she complained about specifically, or any details about the alleged actions taken against her due to her complaint").

Moreover, even if sufficient, Plaintiff has failed to plausibly allege a causal link between her alleged complaints and her subsequent termination. *See Wantou*, 23 F.4th at 436-37. There are no factual allegations to reasonably infer that the person who terminated Plaintiff knew about her alleged complaints when terminating her. *See Wright*, 990 F.3d at 434; *see, e.g., Johnson v. McDonald*, 623 F. App'x 701, 704 (5th Cir. 2015) (affirming dismissal of retaliation claim where facts alleged suggested decisionmaker was unaware of protected activity). "If an employer is unaware of an employee's protected conduct at the time of the adverse employment action, the employer plainly could not have retaliated against the employee based on that conduct." *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999). Because Plaintiff has not alleged facts giving rise to a reasonable inference that she meets the ultimate elements of a retaliation claim under § 1981, the claim should be dismissed.

## IV. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and Plaintiff's claims should be **DISMISSED with prejudice**.[5]

---

[5]Plaintiff's response requests leave to amend her complaint if the Court finds merit in Defendant's motion to dismiss "and concludes that [she] has not given sufficient fair notice regarding her claims." (doc. 16 at 5.) A party, however, is not entitled to remedy a pleading deficiency simply by seeking leave to amend in response to a motion to dismiss. *See Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997). "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, ... does not constitute a motion within the contemplation of Rule 15(a)." *United States ex rel. Willard v. Humana Health*

11

**SO RECOMMENDED** on this 1st day of December, 2023.

                                      IRMA CARRILLO RAMIREZ
                                      UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                      IRMA CARRILLO RAMIREZ
                                      UNITED STATES MAGISTRATE JUDGE

---

*Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (citation omitted). When a party opposes a motion to dismiss on its merits while also asking for leave to amend should the court deem dismissal proper, the party "may not avoid the implications" of its choices. *See Spiller*, 130 F.3d at 167. Moreover, Plaintiff has not sought leave to amend in accordance with Local Rule 15.1, and her request may be denied on this basis. *See Shabazz v. Franklin*, 380 F. Supp.2d 793, 798 (N.D. Tex. 2005).

12