IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **AMBER MITCHELL,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-185-L** |
| § | |
| **SORENSON COMMUNICATION,** § | |
| § | |
| Defendant. § | |

## ORDER

On December 1, 2023, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 18) was entered, recommending that the court grant Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 12) that was filed June 27, 2023. The magistrate judge agreed with Defendant that Plaintiff has failed to state plausible claims for relief based on alleged discrimination and retaliation under 42 U.S.C. § 1981. Although Plaintiff's response to the Motion to Dismiss included a request to further amend her pleadings in the event Defendant's Motion to Dismiss was granted, the magistrate judge agreed with Defendant that a bare request in opposition to a motion to dismiss without indicating the grounds on which amendment is sought is insufficient under Federal Rule of Civil Procedure 15(a). Report 11 & n.5 (quoting *Spiller v. City of Texas City, Policy Dep't*, 130 F.3d 162, 167 (5th Cir. 1997)). The Report, therefore, recommends that Plaintiff's discrimination and retaliation claims be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), without granting her leave to amend.

Plaintiff, who is represented by counsel, did not file objections to the Report or attempt to explain how she would cure the deficiencies identified in her Amended Complaint, and the

deadline to file objections has expired. As a result, Plaintiff has not shown how she would cure the deficiencies identified by the magistrate judge through amendment of her pleadings. The court, therefore, determines that Plaintiff has pleaded her "best case" such that further amendment would be futile and unnecessarily delay the resolution of this litigation, and, after considering the factors applicable to amendment of pleadings,* it **denies** her request to amend her pleadings that was included in the response to Defendant's Motion to Dismiss. *See Schiller*, 342 F.3d at 566 (citation omitted).

Having considered the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 12); and **dismisses with prejudice** this action and all claims asserted by Plaintiff, pursuant to Rule 12(b)(6), for failure to state claims upon which relief can be granted.

It is so ordered this 21st day of December, 2023.

Sam A. Lindsay
United States District Judge

---

* The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure, which states that "[t]he court should freely give leave when justice so requires," is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

**Order – Page 2**